```
(2) Pages
SCOTT LYONS        SBN  103931
Attorney At Law
LOUIS LYONS        SBN  282499
Attorney At Law
1010 West Main Street
Visalia, CA 93291
Telephone: (559) 636-8122
Facsimile: (559) 636-0463
scottlyons@lyons4justice.com

Attorney for Debtor(s)
```

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DENISE MYVAL JACKSON<br><br><br>　　　　　　Debtor(s) | Case No: 24-13508-B-13<br>Chapter 13<br><br>DC No.: SL-1<br><br>Date: March 12, 2025<br>Time: 9:30 a.m.<br>Dept.: B<br>Place: Courtroom 13, 5th Floor<br>　　　2500 Tulare St.<br>　　　Fresno, California<br>Judge: Honorable Rene Lastreto II |

**MOTION TO VALUE COLLATERAL OF MOUNTAIN AMERICA CREDIT UNION**

**UNDER 11 U.S.C §506(a) AND (d)**

TO: MOUNTAIN AMERICA CREDIT UNION

The above Debtor have filed a Chapter 13 Plan, a copy of which is being served herewith upon Toyota Financial Services, that includes a motion seeking to value their 2019 Jeep Cherokee, VIN: 1C4PJMLXXKD211701 that Mountain America Credit Union holds as collateral for its debt. The Debtors hereby move to fix the value of Mountain America Credit Union' claim at the value of the collateral net of senior liens, if any, with the remainder of Mountain America Credit Union' claim being unsecured. The plan proposes to pay the secured portion of Mountain America Credit Union's claim with interest at 9.0% per annum. Regarding the unsecured portion

of your claim, unsecured creditors are proposed to be paid 100% of the allowed amount of their claim under the proposed plan, provided Mountain America Credit Union file a timely Proof of Claim. The above creditor will receive 0% interest on the unsecured portion of its claim. The value of the collateral for purposes of 11 U.S.C. §506 and 11 U.S.C. §1322 (b) is $12,096.00 (See attached Declaration in support and Exhibits).

     A debtor's ability to value collateral consisting of a motor vehicle is limited by the terms of the hanging paragraph of 11 U.S.C. § 1325(a). Under this statute, a purchase money security interest lien secured by a motor vehicle cannot be stripped down to the collateral's value if: (i) the lien securing the claim is secured by property of any value, and (ii) the debt was incurred within a 910 day period preceding the date of the petition, and that (iii) the collateral for the debt consists of a motor vehicle acquired for the personal use of the debtor.

     Here, Debtors incurred a purchase money loan on 2019 Jeep Cherokee, the vehicle is currently worth $12,096.00 pursuant to the Debtor's personal knowledge as the owner-operators of the vehicle. The debt was incurred in March 30, 2022, and the Debtors filed their Chapter 13 Voluntary petition on December 5, 2024, more than 910 days after the debt was incurred. Thus, for the foregoing reasons, the Debtors are entitled to strip down the lien secured by their motor vehicle down to the collateral's value pursuant to the hanging paragraph of 11 U.S.C. § 1325(a). WHEREFORE, Debtors respectfully pray that the Court enter its order determining the value of the collateral to be $12,096.00 and fixing the creditor's secured claim at that value.

Dated: 1-24-2025

Scott Lyons, Attorney for Debtor(s)